Per Curiam.

Relator bases his right to the above papers primarily on the provisions of Sections 2301.23 and 2953.03, Revised Code, which read in part as follows:
Section 2301.23. “When shorthand notes have been taken in a case as provided in Section 2301.20 of the Revised Code, if the court, either party to the suit, or his attorney, requests transcripts of any portion of such notes in longhand, the shorthand reporter reporting the case shall make full and accurate transcripts thereof for the use of such court or party. The court may direct the official shorthand reporter to furnish to the court and parties copies of decisions rendered and charges delivered by the court in pending cases.”
Section 2953.03. “On application by or an behalf of a defendant, after judgment or after the date upon which imposition of sentence is suspended, as provided by Sections 2951.02 and 2951.10 of the Revised Code, to the clerk of court or his deputy or one charged by law to keep the public records or docket entries in criminal cases, as provided in Section 2953.02 of the Revised Code, and upon tender of the proper fee, such officer shall make and cause to be delivered to the clerk of the reviewing court to which the appeal is taken within five days of the date of the application, a complete certified transcript of the record and docket entries and entries on the journal together with the original papers in the case. # # *
“The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Revised Code, and order the amount in money so paid charged as costs in the case. In cases where the court grants a motion to prepare a bill of exceptions for the defendant at the expense of the state, as herein provided, and there is not sufficient time to file it, as provided by Section 2945.65 of the Revised Code, the court shall extend such time, not exceeding 30 days from granting such motion.”
An examination of those sections clearly shows that the purpose thereof is to provide the necessary instruments for a review of the litigant’s ease. In other words, they are designed to give every litigant, whether rich or poor, the right to pursue his remedy of appeal.
*464 The relator in the present instance has pursued his appellate remedy as far as his sodomy case is concerned clear to the Supreme Court of the United States. As far as his Juvenile Court conviction is concerned, he appealed such case to the Court of Appeals and voluntarily dismissed it there. He has exhausted his appellate remedies in those cases, and there is no present action pending. Due process does not require the state to furnish an indigent prisoner copies of records free of charge, ■ where such prisoner has exhausted his remedy of appeal.
It is axiomatic that, before a writ of mandamus may issue, a relator must establish a clear legal right thereto. 35 Ohio Jurisprudence (2d), 254, Mandamus, Section 13.
Relator here has established no clear legal right to a writ of mandamus.
Although this case was presented on the demurrer of the respondent, which demurrer the court finds is well taken and must be sustained, the court finds that as a matter of law relator has no right to the relief he seeks.

Demurrer to petition sustained and writ denied.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.